IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKEFRONT SRO, etc.,           )
                               )
              Plaintiff,       )
                               )
    v.                         )    No.  05 C 2037
                               )
MARQUETTA GIST,                )
                               )
              Defendant.       )

MEMORANDUM ORDER

Pro se litigant Marquetta Gist ("Gist") has filed what she
labels as a Notice of Removal ("Notice"), by which she seeks to
bring this action from the Municipal Division of the Circuit
Court of Cook County (its case number 04 M 1730090) to this
District Court.  Although 28 U.S.C. §1446(a)[1] requires that any
attempted removal must be accompanied by "a copy of all process,
pleadings, and orders served upon such defendant or defendants in
such action," Gist has not done that--among the missing documents
is the original set of pleadings in the Municipal Division (the
Complaint and, if Gist filed any Answer there, that Answer as
well).  But the photocopies that Gist has included reveal flaws
that are fatal to her attempted removal:

1.  Notice Ex. A is a photocopy of the Summons for
    Trial, which discloses that the underlying action was a
    forcible detainer suit seeking to evict Gist from her

_____

[1]    All further references to Title 28's provisions will
simply take the form "Section--."

residence (according to her statement in the Notice, for the alleged nonpayment of rent).

2. Ex. A-2 is Gist's January 11, 2005 motion to vacate the judgment entered against her on December 28, 2004 by the Municipal Division judge, granting the requested eviction.

3. Ex. B-2 is Gist's January 26 motion for a stay pending appeal, which in part referred to the January 25 denial of the motion referred to in Paragraph 2.

4. Ex. C-2 is Gist's February 4 notice of appeal to the Illinois Appellate Court for the First District, with Ex. C-3 being her contemporaneously-filed motion to the Appellate Court for a stay pending appeal.

5. Ex. C-10 is a February 17 order of the Municipal Division judge granting Gist's motion to stay enforcement pending appeal, on condition that she make specified interim payments of rent pending resolution of the appeal.

To begin with, if Gist were actually right in asserting that the state court lawsuit implicated a federal question, the Notice would clearly be untimely. If that were the case, the purported federal question would have been in the case from the very beginning, and Section 1446(b) would have required the Notice to be filed within 30 days after Gist had received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." That time would have

2

elapsed sometime in January of this year.

That, however, would be a procedural rather than a jurisdictional defect, so that a remand by this Court would not be appropriate unless and until the forcible detainer plaintiff raised the question of such untimeliness. What torpedoes Gist's effort at removal in subject matter jurisdictional terms is instead the plain absence of any federal question (something that is not provided by the fact that Gist apparently occupies her premises under a voucher program that includes a federal rent subsidy).

And if that were not enough (and it is), Gist is doubly foreclosed by the fact that she is seeking to attack an already-entered state court judgment, which the United States Supreme Court has just last month unanimously reconfirmed to be beyond the subject matter jurisdiction of this district court--see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 73 U.S.L.W. 4266 (U.S. Mar. 30, 2005), reconfirming and applying the Rooker-Feldman doctrine announced in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Accordingly it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). That being the case, the same statute mandates a remand. And as authorized by this District Court's LR

3

81.2, the Clerk of this District Court is ordered to mail a copy of the remand order forthwith.[2]

Milton I. Shadur
Senior United States District Judge

Date: April 12, 2005

---

[2] This remand order moots Gist's contemporaneously-filed In Forma Pauperis Application and Motion for Appointment of Counsel, both of which are therefore denied on mootness grounds.

4